UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TERESITA SANTIAGO, RAMON LORENZO and
TERESITA SANTIAGO, as the Mother and Natural       06 CIV. 7108 (PKL)
Guardian of KAREN SANTIAGO DIAZ and HENRY
LORENZO infants,

                                    Plaintiffs,

                v.

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                                    Defendant.
-------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARIA MERCEDES ROSARIO BRETON, FABIAN
GARCIA and PAOLA GARCIA,
                                                   06 CIV. 7110 (PKL)
                                    Plaintiffs,

                v.

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                                    Defendant.
-------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ZIBO WANG,

                                    Plaintiff,       06 CIV. 11382 (PKL)

                v.

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                                    Defendant.
-------------------------------------------------------------x

RECEIVED
DEC 2 1 2007
JUDGMENT CLERK'S
OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KIRSTEN ANDERSON,

                          Plaintiff,

        v.

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                         Defendants.
-------------------------------------------------------------x

06 CIV. 13371 (PKL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LAURE BOUDET,

                          Plaintiff,

        v.

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                         Defendants.
-------------------------------------------------------------x

07 CIV. 3098 (PKL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BETTY DORCE EXUME, as ADMINISTRATRIX of
THE ESTATE OF ANTONIDE DORCE, deceased,
and BETTY DORCE EXUME, individually,
JACQUELINE BERTRAND and MARIE LILIANE
MILARD,

                        Plaintiffs,

        v.

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                        Defendant.
-------------------------------------------------------------x

07 CIV 3289 (PKL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHRISTIAN YOPA and ABI-SARA MACHOLD,

                              Plaintiffs,           07 CIV. 6889 (PKL)

         v.

GREYHOUND LINES., INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                              Defendants.
-----------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SHERRY ANN GEORGE, SHERRY ANN GEORGE,       07 CIV. 8364 (PKL)
as Mother and Natural Guardian of VOSHONA
GEORGE, Infant, and SHERRY ANN GEORGE and
ALLISON IDOHOU, as Co-Administrators of the
ESTATE OF DOREEN GEORGE, Deceased,

                              Plaintiffs,

         v.

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                              Defendants.
-----------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHEIKH SIDY MOHAMED TAMBADOU and
OURY CISSE, Individually and as Co-Liquidators of
the Estate of SOULEYMANE TAMBADOU,          07 CIV 9299 (PKL)
Deceased,

                           Plaintiffs,

       v.

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                       Defendants.

----------------------------------------------------------------x

### PLAINTIFFS' CONSOLIDATED COMPLAINT

      Plaintiffs, by and through their undersigned counsel, file this Consolidated Complaint for

damages and allege as follows:

### Jurisdiction and Venue

      1.      Subject matter jurisdiction arises from the crash of a Greyhound bus and is proper

in this Court pursuant to 28 U.S.C. § 1332(a) because defendant Greyhound Lines, Inc. is a

foreign corporation organized and existing under the laws the State of Delaware and with its

principal place of business in the State of Texas, defendant Goodyear Tire and Rubber Company,

Inc. is a foreign corporation organized and existing under the laws of the State of Ohio and with

its principal place of business in the State of Ohio, and plaintiffs are either domiciliaries of

foreign countries, the State of South Carolina or the State of New York and bring this action on

behalf of themselves or decedents who were domiciled in the State of New York or Canada, as

more specifically set forth in paragraphs 4 through 26 hereof, and the matter in controversy

exceeds the sum of $75,000 excluding interest and costs.

2.      The Court has *in personam* jurisdiction over the defendants because at all times material to this cause of action they were and are foreign corporations for profit organized and existing under the laws of a state other than New York but regularly and continually conducting business in the State of New York and having sufficient contacts with the State of New York, both generally and with regard to this specific action, that the exercise of personal jurisdiction over them does not offend Due Process, the traditional notions of fair play or substantial justice and is proper.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, as defendants conduct substantial business in this District and are subject to personal jurisdiction within this District.

## Plaintiffs

4.      At all times relevant to this Complaint, plaintiff TERESITA SANTIAGO (hereinafter "Santiago") was and is a citizen of Canada domiciled in Quebec, Canada and was and is married to plaintiff Ramon Lorenzo and was and is the mother of plaintiffs Karen Santiago Diaz and Henry Lorenzo, and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

5.      At all times relevant to this Complaint, plaintiff RAMON LORENZO (hereinafter "Ramon Lorenzo") was and is a citizen of Canada domiciled in Quebec, Canada and was and is married to plaintiff Teresita Santiago.

6.      At all times relevant to this Complaint, plaintiff KAREN SANTIAGO DIAZ (hereinafter "Diaz") was and is a citizen of Canada domiciled in Quebec, Canada and was and is the infant daughter of plaintiff Teresita Santiago, and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

7.      At all times relevant to this Complaint, plaintiff HENRY LORENZO (hereinafter "Lorenzo") was and is a citizen of Canada domiciled in Quebec, Canada and was and is the infant son of plaintiff Teresita Santiago, and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

8.      At all times relevant to this Complaint, plaintiff MARIA MERCEDES ROSARIO BRETON (hereinafter "Breton") was and is a citizen of Canada domiciled in Quebec, Canada, was and is married to plaintiff Fabian Garcia, and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2007.

9.      At all times relevant to this Complaint, plaintiff FABIAN GARCIA (hereinafter "Garcia") was and is a citizen of Canada domiciled in Quebec, Canada and was and is married to plaintiff Breton.

10.     At all times relevant to this Complaint, plaintiff PAOLA GARCIA (hereinafter "Paola Garcia") was and is a citizen of Canada domiciled in Quebec, Canada and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

11.     At all times relevant to this Complaint, plaintiff ZIBO WANG (hereinafter "Wang") was and is a citizen of China domiciled in Quebec, Canada and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

12.     At all times relevant to this Complaint, plaintiff KIRSTEN ANDERSON (hereinafter "Anderson") was and is a resident of Canada domiciled in Quebec, Canada and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

13.    At all times relevant to this Complaint, plaintiff LAURE BOUDET (hereinafter "Boudet") was and is a citizen of France domiciled in Paris, France and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

14.    At all times relevant to this Complaint, decedent ANTONIDE DORCE (hereinafter "Dorce") was a resident of the United States domiciled in the County of Nassau in the State of New York and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

15.    On October 6, 2006, by order of the Surrogate's Court of the State of New York, County of Nassau, plaintiff BETTY DORCE EXUME (hereinafter "Exume") was appointed Administratrix of the Estate of her late mother, decedent Dorce, and plaintiff Exume is duly qualified and is acting in that capacity.  At all times relevant to this Complaint, Exume was and is a citizen of the United States domiciled in the State of Georgia.

16.    At all times relevant to this Complaint, plaintiff JACQUELINE BERTRAND (hereinafter "Bertrand") was and is a citizen of the United States domiciled in the State of New York and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

17.    At all times relevant to this Complaint, plaintiff MARIE LILIANE MILARD (hereinafter "Milard") was and is a citizen of Canada domiciled in Montreal, Quebec and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

18.    At all times relevant to this Complaint, plaintiff CHRISTIAN YOPA (hereinafter "Yopa") was and is a resident of Germany domiciled in Berlin, Germany and was and is married

-4-

to plaintiff Abi-Sara Machold, and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

19.     At all times relevant to this Complaint, plaintiff ABI-SARA MACHOLD (hereinafter "Machold") was and is a citizen of Germany domiciled in Berlin, Germany and was and is married to plaintiff Christian Yopa, and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

20.     At all times relevant to this Complaint, decedent DOREEN GEORGE (hereinafter "Doreen George") was a citizen of Canada domiciled in Montreal, Quebec and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

21.     On September 19, 2007, by order of the Surrogate's Court of the State of New York, County of Essex, plaintiffs Sherry Ann George and Allison Idohou, were appointed Co-Administrators of the Estate of Doreen George, deceased, and the plaintiffs Sherry Ann George and Allison Idohou are duly qualified and are presently acting in that capacity.  At all times relevant to this Complaint, plaintiff ALLISON IDOHOU (hereinafter "Idohou") was and is a citizen of the United States, domiciled in New York City.

22.     At all times relevant to this Complaint, plaintiff SHERRY ANN GEORGE (hereinafter "Sherry Ann George") was and is a citizen of Canada, domiciled in Quebec, Canada, was and is the mother of infant plaintiff Voshona George, is the Co-Administrator of the Estate of decedent Doreen George, and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

23.     At all times relevant to this Complaint, infant plaintiff VOSHONA GEORGE (hereinafter "Voshona George") was and is a citizen of Canada domiciled in Quebec, Canada and

was and continues to be the natural child of the plaintiff Sherry Ann George, her mother, and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

24.    At all times relevant to this Complaint, decedent SOULEYMANE TAMBADOU (hereinafter "Souleymane Tambadou") was a citizen of Canada domiciled in Quebec, Canada and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

25.    Plaintiff CHEIKH SIDY MOHAMED TAMBADOU (hereinafter "Cheikh Tambadou") was the natural father of decedent Souleymane Tambadou and on August 2, 2007, in the province of Quebec, was appointed Co-Liquidator of the Estate of his late son, decedent Souleymane Tambadou, and plaintiff Cheikh Tambadou is duly acting in that capacity.  At all times relevant to this Complaint, Cheikh Tambadou was and is a citizen of Senegal residing in Quebec, Canada.

26.    Plaintiff OURY CISSE (hereinafter "Cisse") was the natural mother of decedent Souleymane Tambadou and on August 2, 2007, in the province of Quebec, was appointed Co-Liquidator of the Estate of her late son, decedent Souleymane Tambadou, and plaintiff Oury Cisse is duly acting in that capacity.  At all times relevant to this Complaint, Oury Cisse was and is a citizen of Canada domiciled in Quebec, Canada.

## Defendants

27.    Defendant Greyhound Lines, Inc. (hereinafter "Greyhound" or "defendant") is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the State of Texas.  Greyhound conducts substantial business in the State of New York and within this District.

-6-

28.     Defendant The Goodyear Tire and Rubber Company (hereinafter "Goodyear" or "defendant") is a corporation organized and existing under the laws of the State of Ohio and maintains its principal place of business in the State of Ohio.  Goodyear conducts substantial business in the State of New York and within this District.

### General Allegations

29.     At all times mentioned herein, defendant Greyhound was and is in the business of owning, operating, managing, controlling, inspecting and maintaining, by and through its servants, agents and employees, commercial buses, and as such, it owned, operated, managed, controlled, inspected and maintained the bus upon which plaintiffs and/or decedents Santiago, Diaz, Lorenzo, Breton, Paola Garcia, Wang, Anderson, Boudet, Dorce, Bertrand, Milard, Yopa, Machold, Doreen George, Sherry Ann George, Voshona George and Souleymane Tambadou (hereinafter the "passenger plaintiffs") were riding at the time of the accident at issue in this case.

30.     At all times mentioned herein, defendant Goodyear was and is in the business of designing, developing, inspecting, marketing, selling and leasing tires for commercial buses and maintaining, by and through its servants, agents and employees, tires for commercial buses, and as such, it designed, developed, inspected, marketed, sold, leased and maintained the tires used on the bus upon which the passenger plaintiffs were riding at the time of the accident at issue in this case.

31.     At all times mentioned herein, Greyhound operated as a common carrier in that its buses were made available for transportation to the general fare-paying public.

32.     At all times mentioned herein, Ronald Burgess was an employee of Greyhound.

33.     At all times mentioned herein, Ronald Burgess operated a bus owned, managed, controlled, inspected and maintained by Greyhound with Greyhound's permission and consent and within the course and scope of his employment with Greyhound.

34.     On or about August 28, 2006, Greyhound owned, leased, maintained, managed, controlled and operated a 2001 MCI Greyhound Bus Number 4014, model DL-3 bearing Texas state registration number R7HW58 ("the subject bus").

35.     On or about August 28, 2006, the tires on the subject bus were designed, developed, marketed, owned by and leased to Greyhound by Goodyear ("the Goodyear tires").

36.     On or about August 28, 2006, Ronald Burgess operated the subject bus on its route between New York City and Montreal, Quebec and with the express and implied permission of Greyhound was responsible for the security of the subject bus and the safety of those in the subject bus.

37.     On or about August 28, 2006, the passenger plaintiffs were fare-paying passengers on the subject bus, having paid good and valuable consideration for their transportation.

38.     On or about August 28, 2006, the subject bus, driven by Ronald Burgess and on which the passenger plaintiffs were riding, was traveling northbound on Interstate-87, a public roadway or thoroughfare, in or near Elizabethtown, New York.

39.     On or about August 28, 2006, Ronald Burgess operated the subject bus negligently by driving at an excessive speed and being inattentive to his driving responsibilities, the state of the bus equipment and the conditions of the roadways.

40.     On or about August 28, 2006, a tire designed, developed, marketed, distributed, manufactured and owned by Goodyear, leased to Greyhound and used on the subject bus failed to operate as intended.

41.     On or about August 28, 2006, Ronald Burgess lost control of the subject bus and it then left the roadway, slammed through a guardrail, rolled along the edge of a deep gully for several hundred feet, overturned repeatedly and crashed.

42.     As the subject bus rolled along the gully, several passengers, including the passenger plaintiffs, were thrown from the bus at distances of greater than 75 feet.

43.     The aforesaid occurrence was caused without any fault or negligence on the part of the passengers contributing thereto.

44.     Prior to August 28, 2006, Greyhound was aware of the proclivity their model DL-3 buses had for tire failure, and that such tire failure could result in loss of control of the vehicles as well as consequent accidents.

45.     Prior to August 28, 2006, Goodyear was aware of the proclivity of the tires they designed, developed, manufactured, owned, marketed, distributed and leased to Greyhound had for failure, and Goodyear knew that such failure could result in loss of control of the vehicles as well as consequent accidents.

46.     Prior to August 28, 2006, Greyhound knowingly purchased, leased, employed, operated and used model DL-3 buses, including the subject bus, with frangible roofs, which would collapse upon impact.

47.     Prior to August 28, 2006, Greyhound knowingly purchased, leased, employed, operated and used model DL-3 buses, including the subject bus, that lacked passenger seatbelts.

48.     Prior to August 28, 2006, knowing that the absence of seatbelts would cause passengers to be ejected from such buses or otherwise injured in the event of an accident and rollover, Greyhound chose not to install seatbelts in their model DL-3 buses.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE AGAINST GREYHOUND)

49.     All plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 48.

50.     As a common carrier, Greyhound had a duty to exercise the highest standard of care and to provide safe transport to all passengers on the subject bus.

51.     Greyhound had knowledge that the tires on its model DL-3 buses had a history of failure and resultant accidents and related injuries; that the frangible roofs on its model DL-3 buses were weak and frail and would collapse upon impact; and that the model DL-3 buses did not have seatbelts installed for passenger use, which could cause passengers to be thrown and possibly ejected and otherwise injured from the bus during an accident.

52.     Greyhound breached the duties of care it owed to the plaintiffs by negligently operating, maintaining, managing, controlling, inspecting and leasing the subject bus; by negligently hiring, supervising, training, communicating with and educating their employees, representatives and agents who operated, controlled managed and maintained the subject bus, including their failure to monitor any incidences of their employees operating their buses at excessive speeds; and by recklessly ignoring the history of tire failure in the model DL-3 buses, failing to take remedial measures with respect to the faulty tires, failing to take remedial measures with respect to the frangible roofs on the model DL-3 buses and continuing to operate said buses without seatbelts.

53.     A proximate cause of the crash was Greyhound's negligence; its reckless disregard of the care required to be exercised by law and common practice for the safety of its

passengers; and other culpable conduct of defendant, through its agents, employees and

representatives, without any fault or negligence on the part of plaintiffs contributing thereto.

54.    Ronald Burgess's excessive driving speed, failure to use appropriate care to

operate the subject bus, to observe the conditions of the roadway and to exercise the requisite

control over the bus violated state common law standards and state and federal statutory

standards, and was otherwise negligent.

55.    As Ronald Burgess's employer, Greyhound is vicariously liable for any of the

driver's negligence or misconduct.

56.    As a proximate result of defendant Greyhound's negligence and breach of its duty

of care, decedents Dorce, Doreen George and Souleymane Tambadou were killed, being rendered

sick, lame, sore and disabled and suffering pain and serious injuries (as defined by section 5102

(d) of New York State's Insurance Law and as described below), prior to their deaths; and all

passenger plaintiffs suffered serious injuries (as defined by section 5102 (d) of New York State's

Insurance Law), including but not limited to: dismemberment; significant disfigurement;

multiple fractures; permanent loss of use of a body organ, member, function or system; a

medically determined injury or impairment preventing each plaintiff from performing

substantially all of the material acts constituting each plaintiff's usual and customary daily

activities for not less than ninety days during the one hundred and eighty days immediately

following the occurrence of the injury or impairment; or permanent disfiguring scarring (all

foregoing injuries hereinafter referred to as "serious injuries"); conscious pain and suffering, a

loss of the quality of enjoyment of life and loss of consortium, have suffered economic loss

greater than basic economic loss as defined by section 5104 of New York State's Insurance Law,

have incurred medical expenses and will continue to incur such expenses in the future, have lost

earnings and in the future will continue to lose earnings, have sustained psychiatric and emotional distress, and all other damages allowable under the applicable law.

57.     As a proximate result of defendant Greyhound's negligence, the next of kin of decedents Dorce, Doreen George and Souleymane Tambadou have been substantially damaged and have incurred pecuniary losses, funeral expenses, burial expenses and other losses due to the wrongful death of decedents.

WHEREFORE, each plaintiff prays that judgment be entered in his or her favor and against defendants Greyhound and Goodyear in a sum in excess of seventy five thousand dollars ($75,000.00), exclusive of pre-judgment interest and the costs of this action, such amounts to be proven at trial.

## SECOND CAUSE OF ACTION
### (NEGLIGENCE AGAINST GOODYEAR)

58.     All plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 48.

59.     Goodyear had a contractual relationship to provide tires to Greyhound for use on Greyhound buses.

60.     Goodyear had a duty to exercise reasonable care and to provide a safe product to all passengers on buses using its subject tire.

61.     Goodyear was negligent in the design, manufacture, assembly, testing, labeling, instruction and/or inspection and warnings of and related to the tire, its component parts and/or equipment, and further sold, supplied, distributed, promoted and/or placed into the market and/or stream of commerce, defective and dangerous products without proper testing, inspection or warning thereof.

-12-

62.     In failing to exercise reasonable care, Goodyear launched a force or instrument of harm into the stream of commerce, upon which plaintiffs detrimentally relied.

63.     On August 28, 2006, the subject tire was being used for its intended purpose.

64.     The subject tire was unfit for its intended purpose.

65.     Goodyear breached the duties of care it owed to the plaintiffs by negligently designing, developing, manufacturing, maintaining, managing, controlling and leasing the subject tire; by negligently hiring, supervising, training, communicating with and educating its employees, representatives and agents who designed, developed, manufactured, managed, controlled, maintained and leased the subject tire; and by recklessly ignoring the history their tires had of failures and continuing to lease said tires.

66.     As a proximate result of defendant Goodyear's negligence and breach of its duty of care, decedents Dorce, Doreen George and Souleymane Tambadou were killed, being rendered sick, lame, sore and disabled and suffering pain and serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), prior to their deaths; and all passenger plaintiffs suffered serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), conscious pain and suffering, a loss of the quality of enjoyment of life and loss of consortium, have suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses and will continue to incur such expenses in the future, have lost earnings and in the future will continue to lose earnings, have sustained psychiatric and emotional distress, and all other damages allowable under the applicable law.

67.     As a proximate result of defendant Goodyear's negligence, the next of kin of decedents Dorce, George and Souleymane Tambadou have been substantially damaged and have

-13-

incurred pecuniary losses, funeral expenses, burial expenses and other losses due to the wrongful

death of decedents.

WHEREFORE, each plaintiff prays that judgment be entered in his or her favor and

against defendants Greyhound and Goodyear in a sum in excess of seventy five thousand dollars

($75,000.00), exclusive of pre-judgment interest and the costs of this action, such amounts to be

proven at trial.

**THIRD CAUSE OF ACTION**
**(STRICT PRODUCT LIABILITY)**

68.     All plaintiffs hereby incorporate each and every allegation contained in paragraphs

1 through 48.

69.     The subject tire was defectively and improperly designed, manufactured,

assembled and/or labeled by Goodyear.

70.     The subject tire was sold, distributed and marketed in a defective and/or

unreasonably dangerous condition and/or was unfit for its intended use into the stream of

commerce by Goodyear.

71.     Goodyear failed to warn of the propensities of its tire to fail under conditions

similar to those encountered at the date and time of the accident.

72.      At the time that the subject tire left Goodyear's control it was defective,

unreasonably dangerous and/or unfit for its intended use.

73.     The subject tire had not been altered, modified or changed in any form or fashion

prior to its use on August 28, 2006.

74.     As a direct and proximate result of the defective, unreasonably dangerous and/or

unfit condition of the subject tire, decedents Dorce, Doreen George and Souleymane Tambadou

-14-

were killed, being rendered sick, lame, sore and disabled and suffering pain and serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), prior to their deaths; and all passenger plaintiffs suffered serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), conscious pain and suffering, a loss of the quality of enjoyment of life and loss of consortium, have suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses and will continue to incur such expenses in the future, have lost earnings and in the future will continue to lose earnings, have sustained psychiatric and emotional distress, and all other damages allowable under the applicable law.

75.     As a proximate result of the defective, unreasonably dangerous and/or unfit condition of the subject tire, the next of kin of decedents Dorce, Doreen George and Souleymane Tambadou have been substantially damaged and have incurred pecuniary losses, funeral expenses, burial expenses and other losses due to the wrongful death of decedents.

WHEREFORE, each plaintiff prays that judgment be entered in his or her favor and against defendant Goodyear in a sum in excess of seventy five thousand dollars ($75,000.00), exclusive of pre-judgment interest and the costs of this action, such amount to be proven at trial.

## FOURTH CAUSE OF ACTION
## (BREACH OF WARRANTIES)

76.     All plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 48.

77.     Greyhound expressly and impliedly warranted that it would provide safe, reliable and appropriate common carriage bus transportation for its fare-paying passengers, using bus operation techniques that would assure the reasonable and safe transport of all passengers,

-15-

including the passenger plaintiffs, and that its drivers, buses and equipment were reasonably fit for their intended and foreseeable uses and purposes.

78.     Greyhound breached its express and implied warranties by failing to provide safe, reliable and appropriate common carriage bus transportation for its fare-paying passengers when the subject bus crashed during the trip from New York City to Montreal.

79.     Goodyear expressly and impliedly warranted that it would provide design, develop, manufacture, maintain, own and lease safe, reliable and appropriate tires, using techniques that would assure the safety of any users of its product, including the passenger plaintiffs, and that its tires and equipment were reasonably fit for their intended and foreseeable uses and purposes.

80.     Goodyear breached its express and implied warranties by failing to provide safe, reliable and appropriate tires for passengers on the subject bus when the subject tire failed, causing the bus to veer off the road and contributing to the crash during the trip from New York City to Montreal.

81.     As a proximate result of defendants' breach of their express and implied warranties, decedents Dorce, Doreen George and Souleymane Tambadou were killed, being rendered sick, lame, sore and disabled and suffering pain and serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), prior to their deaths; and all passenger plaintiffs suffered serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), conscious pain and suffering, a loss of the quality of enjoyment of life and loss of consortium, have suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses and will continue to incur such expenses in the future, have lost

earnings and in the future will continue to lose earnings, have sustained psychiatric and

emotional distress, and all other damages allowable under the applicable law.

82.    As a proximate result of the defendants' breach of their express and implied

warranties, the next of kin of decedents Dorce, Doreen George and Souleymane Tambadou have

been substantially damaged and have incurred pecuniary losses, funeral expenses, burial

expenses and other losses due to the wrongful death of decedents.

WHEREFORE, each plaintiff prays that judgment be entered in his or her favor and

against defendants in a sum in excess of seventy five thousand dollars ($75,000.00), exclusive of

pre-judgment interest and the costs of this action, such amounts to be proven at trial.

### FIFTH CAUSE OF ACTION
### (LOSS OF CONSORTIUM)

83.    All plaintiffs hereby incorporate each and every allegation contained in paragraphs

1 through 48.

84.    Plaintiffs Santiago and Ramon Lorenzo are married and as legal spouses are

entitled to one another's services, society, companionship and consortium.

85.    Prior to August 28, 2006, plaintiff Santiago was in good health and was able to

perform and did perform all the useful services, society, companionship and consortium of a

spouse.

86.    As a result of the injuries to plaintiff Santiago, as caused by the wrongful conduct

of the defendant, plaintiff Ramon Lorenzo has suffered great expense and loss and has been

deprived of the services, society, companionship and consortium of his wife, plaintiff Santiago,

and the ability of the plaintiff Santiago to render said services and assistance to the plaintiff

Ramon Lorenzo has been impaired and depreciated for a long time to come

-17-

87.     Plaintiff Santiago is the mother of her infant daughter, plaintiff Diaz, and as her mother is entitled to plaintiff Diaz's love, services, society and companionship.

88.     Prior to August 28, 2006, plaintiff Diaz was in good health and was able to perform and actually did perform all of the useful services and society of a daughter in her dwelling for her mother, plaintiff Santiago.

89.     As a result of the injuries to plaintiff Diaz, as caused by the wrongful conduct of the defendants, plaintiff Santiago has suffered great expense and loss and has been deprived of her daughter's love, services, society and companionship, and that the ability of the infant plaintiff Diaz to render said services and assistance to the plaintiff Santiago has been impaired and depreciated for a long time to come.

90.     Plaintiff Santiago is the mother of her infant son, plaintiff Lorenzo, and as his mother is entitled to plaintiff Lorenzo's love, services, society and companionship.

91.     Prior to August 28, 2006, plaintiff Lorenzo was in good health and was able to perform and actually did perform all of the useful services and society of a son in his dwelling for his mother, plaintiff Santiago.

92.     As a result of the injuries to plaintiff Lorenzo, as caused by the wrongful conduct of the defendants, plaintiff Santiago has suffered great expense and loss and has been deprived of her son's love, services, society and companionship, and that the ability of the infant plaintiff Lorenzo to render said services and assistance to the plaintiff Santiago has been impaired and depreciated for a long time to come.

93.     Plaintiffs Breton and Garcia are married and as legal spouses are entitled to one another's services, society, companionship and consortium.

-18-

94.    Prior to August 28, 2006, plaintiff Breton was in good health and was able to perform and did perform all the useful services, society, companionship and consortium of a spouse.

95.    As a result of the injuries to plaintiff Breton, as caused by the wrongful conduct of the defendants, plaintiff Garcia has suffered great expense and loss and has been deprived of his wife's services, society, companionship and consortium and the ability of plaintiff Breton to render said services, society, companionship and consortium to the plaintiff Garcia has been impaired and depreciated for a long time to come.

96.    Plaintiff Exume is the daughter of decedent Dorce, and as her daughter, was entitled to Dorce's love, services, society and companionship.

97.    Prior to August 28, 2006, decedent Dorce was in good health and was able to perform and actually did perform all of the useful services and society of a mother for her child, plaintiff Exume, as well as for all other family members.

98.    As a result of the injuries to and death of Dorce, as caused by the wrongful conduct of the defendants, plaintiff Exume has suffered great expense and loss and has been permanently deprived of her mother's love, services, society and companionship.

99.    Plaintiff Exume is also Administrator of the Estate of decedent Dorce.  As such, she also is making claims on behalf of all surviving family members of decedent Dorce who, as a result of defendants' wrongful conduct, have lost the love, services, society and companionship of decedent Dorce.

100.    Plaintiffs Yopa and Machold are married and as legal spouses are entitled to one another's services, society, companionship and consortium.

-19-

101.   Prior to August 28, 2006, plaintiffs Yopa and Machold were in good health and were able to perform and did perform all the useful services, society, companionship and consortium of spouses.

102.   As a result of the injuries to plaintiff Machold, as caused by the wrongful conduct of the defendants, plaintiff Yopa has suffered great expense and loss and has bene deprived of his wife's services, society, companionship and consortium and the ability of plaintiff Machold to render said services, society, companionship and consortium to the plaintiff Yopa has been impaired and depreciated for a long time to come. As a result of the injuries to plaintiff Yopa, as caused by the wrongful conduct of the defendants, plaintiff Machold has suffered great expense and loss and has been deprived of her husband's services, society, companionship and consortium and the ability of plaintiff Yopa to render said services, society, companionship and consortium to the plaintiff Machold has been impaired and depreciated for a long time to come.

103.   Plaintiff Sherry Ann George is the mother of her infant daughter, plaintiff Voshona George, and as her mother is entitled to plaintiff Voshona's love, services, society and companionship.

104.   Prior to the crash on August 28, 2006, plaintiff Voshona George was in good health and was able to perform and actually did perform all the useful services and society of a daughter in her dwelling for her mother, Sherry Ann George.

105.   As a result of the injuries to plaintiff Voshona, as caused by the wrongful conduct of the defendants, plaintiff Sherry Ann George has been caused great expense and loss and has been deprived of the services and society of her child, the infant plaintiff, Voshona George, and that the ability of the infant plaintiff Voshona George to render said services and assistance to the plaintiff Sherry Ann George has been impaired and depreciated for a long time to come.

106.   Prior to August 28, 2006, decedent Doreen George was in good health and was able to perform and actually did perform all the useful services and society of a mother for her child, plaintiff Sherry Ann George, as well as for all other family members.

107.   As a result of the injuries to and death of decedent Doreen George, plaintiff Sherry Ann George has suffered great expense and loss and has been permanently deprived of her mother's love, services, society and companionship.

108.   Plaintiffs Sherry Ann George and Idahou are Co-Administrators of the Estate of decedent Doreen George.  As such, they are also making a claim on behalf of all surviving family members of decedent Doreen George who, as a result of defendants' wrongful conduct, have lost the love, services, society and companionship of decedent Doreen George.

109.   Plaintiff Cheikh Tambadou was the father of decedent Souleymane Tambadou, and as his father was entitled to Souleymane Tambadou's love, services, society and companionship.  Plaintiff Oury Cisse was the mother of decedent Souleymane Tambadou and as his mother was entitled to Souleymane Tambadou's love, services, society and companionship.

110.   Prior to August 28, 2006, decedent Souleymane Tambadou was in good health and was able and actually did perform all of the useful services and society of a son for his parents, as well as for other family members.

111.   As a result of the injuries to and death of Souleymane Tambadou, as caused by the wrongful conduct of defendants, plaintiffs Cheikh Tambadou and Oury Cisse have suffered great expense and loss and have been permanently deprived of their son's love, services, society and companionship.

112.   Plaintiffs Cheike Tambadou and Oury Cisse are also the Co-Liquidators of the Estate of decedent Souleymane Tambadou.  As such, they are also making claims on behalf of all

surviving family members of decedent Souleymane Tambadou who, as a result of defendants'
wrongful conduct, have lost the love, services, society and companionship of decedent
Souleymane Tambadou.

WHEREFORE, each of the above plaintiffs prays that judgment be entered in his or her
favor and against defendants in a sum in excess of seventy five thousand dollars ($75,000.00),
exclusive of pre-judgment interest and the costs of this action, such amounts to be proven at trial.


## SIXTH CAUSE OF ACTION
### (PUNITIVE DAMAGES)

113.    All plaintiffs hereby incorporate each and every allegation contained in paragraphs
1 through 48.

114.    Prior to the August 28, 2006 accident, Greyhound knew of the proclivity the
model DL-3 buses, of which the bus involved in the subject accident was one, had with tires that
failed, resulting in possible loss of control of the bus and accidents resulting therefrom.

115.    Prior to the August 28, 2006 accident, Greyhound knew that safer tires than those
that they were using on the model DL-3 buses, of which the bus involved in the subject accident
was one, were available and had the opportunity to replace or repair those tires, but chose not to
spend the extra money to purchase those safer tires or make the pre-existing tires safer for its
buses.  Instead, it continued to lease from Goodyear tires that had a propensity to fail and use
those tires without any attempt to make those tires safer.

116.    Prior to the August 28, 2006 accident, Greyhound knowingly purchased, leased,
employed, operated and used model DL-3 buses roofs, of which the bus involved in the subject
accident was one, that had frail and weak frangible which would collapse upon impact.

-22-

117.    Prior to the August 28, 2006 accident, Greyhound knowingly purchased, leased, employed, operated and used model DL-3 buses, of which the bus involved in the subject accident was one, that did not have seatbelts installed for passenger use.

118.    As a direct and proximate cause of the reckless, wanton and willful misconduct of Greyhound, including its employees, and its gross disregard for the safety of its passengers, including, but not limited to, its knowing disregard of the propensity of the tires on the model DL-3 buses to fail; the use of frangible roofs on the model DL-3 buses; the absence of passenger seatbelts on the model DL-3 buses; the lack of training defendants provided to its drivers; Greyhound's grossly deficient vehicle inspection and maintenance; and the grossly deficient vehicle operation, including the gross negligence of Greyhound's driver in driving at an excessive rate of speed, during the trip from New York City to Montreal on August 28, 2006 decedents Dorce, Doreen George and Souleymane Tambadou were killed, being rendered sick, lame, sore and disabled and suffering pain and serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), prior to their deaths; and all passenger plaintiffs suffered serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), conscious pain and suffering, a loss of the quality of enjoyment of life and loss of consortium, have suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses suffering, and will continue to incur such expenses in the future, have lost earnings and in the future will continue to lose earnings, have sustained psychiatric and emotional distress, and all other damages allowable under the applicable law.

119.    As a direct and proximate cause of the reckless, wanton and willful misconduct of Goodyear, including its employees, and its gross disregard for the safety of the users of its tires, including, but not limited to, its knowing disregard of the propensity of its tires to fail, decedents Dorce, Doreen George and Souleymane Tambadou were killed, being rendered sick, lame, sore and disabled and suffering pain and serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), prior to their deaths; and all passenger plaintiffs suffered serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), conscious pain and suffering, a loss of the quality of enjoyment of life and loss of consortium, have suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses suffering, and will continue to incur such expenses in the future, have lost earnings and in the future will continue to lose earnings, have sustained psychiatric and emotional distress, and all other damages allowable under the applicable law.

120.    As a proximate result of the reckless, wanton and willful misconduct of defendants Greyhound and Goodyear, the next of kin of decedents Dorce, Doreen George and Souleymane Tambadou have been substantially damaged and have incurred pecuniary losses, funeral expenses, burial expenses and other losses due to the wrongful death of decedents.

WHEREFORE, each plaintiff prays that judgment be entered in his or her favor and against defendants in a sum in excess of seventy five thousand dollars ($75,000.00), exclusive of pre-judgment interest and the costs of this action, such amounts to be commensurate with the proof in this case and to be proven at trial.

**JURY DEMAND**

Plaintiffs demand a trial by jury.

Dated: December 21, 2007

                                                  Respectfully Submitted,


KREINDLER & KREINDLER LLP                         TAUB & MARDER, ESQS.


By: _____                        By: _____
James P. Kreindler (JK7084)                             Kenneth Marder (KM0304)
Megan Benett (MB1234)                                   450 7th Avenue, 37th Fl.
100 Park Avenue, 18th Fl.                               New York, NY 10123
New York, NY 10017                                      Phone: (212) 967-1122
Phone: (212) 687-8181                              *Attorneys for Plaintiffs TERESITA*
*Attorneys for Plaintiff KIRSTEN*                  *SANTIAGO, RAMON LORENZO and*
*ANDERSON and Plaintiffs CHRISTIAN*                *TERESITA SANTIAGO, as the Mother and*
*YOPA and ABI-SARA YOPA*                           *Natural Guardian of KAREN SANTIAGO*
jkreindler@kreindler.com                           *DIAZ and HENRY LORENZO, infants, and*
mbenett@kreindler.com                              *MARIA MERCEDES ROSARIO BRETON,*
                                                   *FABIAN GARCIA and PAOLA GARCIA*


RICH & RICH, PC                                    GOLDBERG SEGALLA LLP


By:_____                         By: _____
Jeffrey M. Rich (JR7895)                                William Gordon Kelly (WGK2982)
30 Vesey Street                                         170 Hamilton Avenue, Suite 203
New York, NY 10007                                      White Plains, NY 10601-1717
Phone: (212) 406-0440                                   Phone: (914) 798-5400
*Attorneys for Plaintiff ZIBO WANG*
                                                        Lisa Marie Robinson (LR2782)
                                                        5789 Widewaters Parkway
                                                        Syracuse, NY 13214
                                                        Phone: (315) 413-5400
                                                   *Attorneys for Plaintiff LAURE BOUDET*

<u>**JURY DEMAND**</u>

Plaintiffs demand a trial by jury.

Dated: December 21, 2007

Respectfully Submitted,

KREINDLER & KREINDLER LLP

By: _____
    James P. Kreindler (JK7084)
    Megan Benett (MB1234)
    100 Park Avenue, 18th Fl.
    New York, NY 10017
    Phone: (212) 687-8181
*Attorneys for Plaintiff KIRSTEN
ANDERSON and Plaintiffs CHRISTIAN
YOPA and ABI-SARA YOPA*
jkreindler@kreindler.com
mbenett@kreindler.com

RICH & RICH, PC

By: _____
    Jeffrey M. Rich (JR7895)
    30 Vesey Street
    New York, NY 10007
    Phone: (212) 406-0440
*Attorneys for Plaintiff ZIBO WANG*

TAUB & MARDER, ESQS.

By: _____
    Kenneth Marder (KM0304)
    450 7th Avenue, 37th Fl.
    New York, NY 10123
    Phone: (212) 967-1122
*Attorneys for Plaintiffs TERESITA
SANTIAGO, RAMON LORENZO and
TERESITA SANTIAGO, as the Mother and
Natural Guardian of KAREN SANTIAGO
DIAZ and HENRY LORENZO, infants, and
MARIA MERCEDES ROSARIO BRETON,
FABIAN GARCIA and PAOLA GARCIA*

GOLDBERG SEGALLA LLP

By: ~~William Gordon Kelly (WGK2982)~~
    ~~170 Hamilton Avenue, Suite 203~~
    ~~White Plains, NY 10601-1717~~
    ~~Phone: (914) 798-5400~~
    Kenneth M. Alweis (KA9945)
    Lisa Marie Robinson (LR2782)
    5789 Widewaters Parkway
    Syracuse, NY 13214
    Phone: (315) 413-5400
*Attorneys for Plaintiff LAURE BOUDET*

## JURY DEMAND

Plaintiffs demand a trial by jury.


Dated: December 21, 2007

Respectfully Submitted,


KREINDLER & KREINDLER LLP

By: _____
    James P. Kreindler (JK7084)
    Megan Benett (MB1234)
    100 Park Avenue, 18th Fl.
    New York, NY 10017
    Phone: (212) 687-8181
*Attorneys for Plaintiff KIRSTEN*
*ANDERSON and Plaintiffs CHRISTIAN*
*YOPA and ABI-SARA YOPA*
jkreindler@kreindler.com
mbenett@kreindler.com


RICH & RICH, PC

By: _____
    Jeffrey M. Rich (JR7895)
    30 Vesey Street
    New York, NY 10007
    Phone: (212) 406-0440
*Attorneys for Plaintiff ZIBO WANG*


TAUB & MARDER, ESQS.

By: _____
    Kenneth Marder (KM0304)
    450 7th Avenue, 37th Fl.
    New York, NY 10123
    Phone: (212) 967-1122
*Attorneys for Plaintiffs TERESITA*
*SANTIAGO, RAMON LORENZO and*
*TERESITA SANTIAGO, as the Mother and*
*Natural Guardian of KAREN SANTIAGO*
*DIAZ and HENRY LORENZO, infants, and*
*MARIA MERCEDES ROSARIO BRETON,*
*FABIAN GARCIA and PAOLA GARCIA*


GOLDBERG SEGALLA LLP

By: _____
    William Gordon Kelly (WGK2982)
    170 Hamilton Avenue, Suite 203
    White Plains, NY 10601-1717
    Phone: (914) 798-5400

    Lisa Marie Robinson (LR2782)
    5789 Widewaters Parkway
    Syracuse, NY 13214
    Phone: (315) 413-5400
*Attorneys for Plaintiff LAURE BOUDET*

RUBENSTEIN & RYNECKI

By: _____
   Robert Petitt (RP4953)
   16 Court Street
   Brooklyn, NY 11241
   Phone: (718) 522-1020
*Attorneys for Plaintiffs BETTY DORCE*
*EXUME, as ADMINISTRATRIX of THE*
*ESTATE OF ANTONID E DORCE, deceased,*
*and BETTY DORCE EXUME, individually,*
*JACQUELINE BERTRAND and MARIE*
*LILIANE MILARD*


THE LEITZ LAW FIRM

By: _____
   David K. Lietz (adm tted *pro hac vice*)
   DC Bar No. 430557
   888 16th Street, NW, Suite 800
   Washington, DC 20006

            and

   John J. Vecchione (J. V3889)
   Valad and Vecchione, PLLC
   3863 Plaza Drive
   Fairfax, VA 22030
   Phone: (703) 352-4800
*Attorneys for Plaintiffs CHEIKH SIDY*
*MOHAMED TAMBADO J and OURY CISSE,*
*on behalf of themselves a id as Co-*
*Liquidators of the Estate of Souleymane*
*Tambadou*


NORMAN LISS ATTORNEYS-AT-LAW,
P.C.

By: _____
   Norman Liss (NL6488)
   200 West 57th Street
   New York, NY 10019
   Phone: (212) 586-6165
*Attorneys for SHERRY ANN GEORGE,*
*individually and as Mother and Natural*
*Guardian of VOSHONA GEORGE,*
*Infant, and SHERRY ANN GEORGE*
*and ALLISON IDOHOU, as Co-*
*Administrators of the ESTATE OF*
*DOREEN GEORGE, Deceased*


-26-

RUBENSTEIN & RYNECKI

By:_____

    Robert Petitt (RP4953)
    16 Court Street
    Brooklyn, NY 11241
    Phone: (718) 522-1020
*Attorneys for Plaintiffs BETTY DORCE
EXUME, as ADMINISTRATRIX of THE
ESTATE OF ANTONIDE DORCE, deceased,
and BETTY DORCE EXUME, individually,
JACQUELINE BERTRAND and MARIE
LILIANE MILARD*

THE LEITZ LAW FIRM

By:_____

    David K. Lietz (*Pro Hace Vice* admission
    forthcoming)
    DC Bar No. 430557
    888 16th Street, NW, Suite 800
    Washington, DC 20006

       and

    John J. Vecchione (JJV3889)
    Valad and Vecchione, PLLC
    3863 Plaza Drive
    Fairfax, VA 22030
    Phone: (703) 352-4800
*Attorneys for Plaintiffs CHEIKH SIDY
MOHAMED TAMBADOU and OURY CISSE,
on behalf of themselves and as Co-
Liquidators of the Estate of Souleymane
Tambdou*

NORMAN LISS ATTORNEYS-AT-LAW,
P.C.

By:_____

    Norman Liss (NL6488)
    200 West 57th Street
    New York, NY 10019
    Phone: (212) 586-6165
*Attorneys for SHERRY ANN GEORGE,
individually and as Mother and Natural
Guardian of VOSHONA GEORGE,
Infant, and SHERRY ANN GEORGE
and ALLISON IDOHOU, as Co-
Administrators of the ESTATE OF
DOREEN GEORGE, Deceased*

-26-

RUBENSTEIN & RYNECKI

NORMAN LISS ATTORNEYS-AT-LAW, P.C.

By:_____

     Robert Petitt (RP4953)
     16 Court Street
     Brooklyn, NY 11241
     Phone: (718) 522-1020
*Attorneys for Plaintiffs BETTY DORCE*
*EXUME, as ADMINSTRATRIX of THE*
*ESTATE OF ANTONIDE DORCE, deceased,*
*and BETTY DORCE EXUME, individually,*
*JACQUELINE BERTRAND and MARIE*
*LILLIANE MILARD*

By:_____

     Norman Liss (NL6488)
     200 West 57th Street
     New York, NY 10019
     Phone: (212) 586-6165
*Attorneys for SHERRY ANN GEORGE,*
*individually and as Mother and Natural*
*Guardian of VOSHONA GEORGE,*
*Infant, and SHERRY ANN GEORGE*
*and ALLISON IDOHOU, as Co-*
*Administrators of the ESTATE OF*
*DOREEN GEORGE, Deceased*

THE LIETZ LAW FIRM PLLC

By: *David K Lietz*
     David K. Lietz (Admitted *Pro Hac Vice*)
     DC Bar No. 430557
     888 16th Street, NW, Suite 800
     Washington, DC 20006
     Phone: (202) 349-9869

     and

     John J. Vecchione (JJV3889)
     Valad and Vecchione, PLLC
     3863 Plaza Drive
     Fairfax, VA 22030
     Phone: (703) 352-4800
*Attorneys for Plaintiffs CHEIKH SIDY*
*MOHAMED TAMBADOU and OURY CISSE,*
*on behalf of themselves and as Co-*
*Liquidators of the Estate of Souleymane*
*Tambadou*